FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 3 2001

JAMES W. McCORMACK, CLERK
By:_____
                      DEP CLERK

IN THE UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

**CAMERON WADE BARTLETT;**
**CHAD ALAN KELLY; AND**
**JOSHUA ELI BLOCKER**                                          PLAINTIFFS

VS.                    NO. 4-01 CV00501

**MICHAEL D. WEBB; JAMES PRESLEY;**
**RUSSELL ARAGON; JERRY SNOWDEN;**
**and CITY OF CONWAY, ARKANSAS**                                DEFENDANTS

This case assigned to District Judge Wright
and to Magistrate Judge Kay

## COMPLAINT

Comes now Cameron Wade Bartlett, Chad Alan Kelly and Joshua Eli Blocker, Plaintiffs, by and through counsel and for their complaint and cause of action against the Defendants, states as follows:

1. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and the Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Jurisdiction is based upon 28 U.S.C. § 1331 and 28 U.S.C. § 1343. This Court has supplemental jurisdiction over the related state claims pursuant to 28 U.S.C. § 1367(a). A jury trial is requested on all counts.

2. Venue is proper pursuant to 28 U.S.C. § 1391(b) as the acts complained of all occurred in Faulkner County, Arkansas, such county being situated in the Little Rock Division of the Eastern District of Arkansas.

3. Plaintiffs are all adult residents of Faulkner County, Arkansas.

4. Defendant Michael D. Webb (hereinafter "Webb") is, and at all times relevant

hereto was, an officer with the Conway, Arkansas, Police Department. Webb is sued individually and in his official capacity.

5. Defendant James Presley (hereinafter "Presley") is, and at all times relevant hereto was, an officer with the Conway, Arkansas Police Department. Presley is sued individually and in his official capacity.

6. Defendant Jerry Snowden (hereinafter Snowden) was the Conway Chief of Police until April of 2000, and was during his tenure the supervisor of Defendants Webb and Presley. He was responsible for the policies and procedures of the Conway Police Department. At all times relevant hereto, he had the duty to properly train all Conway Police officers, including, but not limited to, Defendants Webb and Presley. He is sued individually and in his official capacity.

7. Defendant Russell Aragon (hereinafter "Aragon") is the Chief of Police of the City of Conway, and was at the time of the events described herein. He is responsible for the policies and procedures of the Conway Police Department. At all time relevant hereto, Aragon had the right and duty to control the manner in which the individual defendants carried out the objectives of their positions and to see that all the rules, instructions and regulations were carried out consistent with the Constitution and laws of the United States and the State of Arkansas. He is sued individually and in his official capacity.

8. The City of Conway, Arkansas (hereinafter "City") is situated in Faulkner

County and is a governmental unit under the authority of the Arkansas Constitution and statutes. At all times relevant, the City had the power, right and duty to control the manner in which the individual defendants carried out the objectives of their positions and to see that all the rules, instructions and regulations were carried out consistent with the Constitution and laws of the United States and the State of Arkansas.

9. Defendants Webb, Presley, Snowden and Aragon, at all times relevant hereto and in all actions and failures to act describes in this complaint, were acting under color of law and pursuant to their authority as employees of the Conway Police Department.

### FIRST CLAIM FOR RELIEF

### CIVIL RIGHTS ACT: 42 U.S.C. § 1983 AND 42 U.S.C. § 1988

10. Plaintiffs adopt and reallege each and every allegation contained in paragraphs 1-9 as if stated herein word for word.

11. On or about January 17, 2001, Defendants Webb and Presley came to the residence of the Plaintiff Blocker where Blocker, Bartlett and Kelly were all present. The residence is outside the city limits of the City of Conway, and therefore outside the jurisdiction of the Conway Police Department.

12. Plaintiff Kelly had exited the residence form the rear and was walking around to the front, where Defendant Webb grabbed Kelly and dragged Kelly into the house. Defendants entered the residence by force and without permission or authority. Defendants Webb and Presley were armed, drew their weapons and instructed the

3

Plaintiff to get their hands up.

13. Defendants Webb and Presley began to conduct a search of the residence, again without permission or authority. Defendant Presley confiscated the drivers licenses of all the Plaintiffs and called the Faulkner County Sheriff's Department. As other persons began to arrive at the residence, Defendants Webb and Presley would, with weapons drawn, identify themselves as Police and forced the individuals into the residence. Defendant made statements threatening to shoot the Plaintiffs if they moved.

14. Defendant Webb also conducted a search of a vehicle at the residence belonging to Plaintiff Kelly, without the permission of Plaintiff Kelly. After making the unauthorized search, Defendant Webb then asked for permission to make the search.

15. Upon the arrival of officers from the Faulkner County Sheriff's Office, all the plaintiffs were placed in handcuffs.

16. Defendant Webb had consulted with a supervisor, and was given permission to go outside of the jurisdiction of the Conway Police Department for the actions described herein, thereby demonstrating the unconstitutional policies of the Conway Police Department, and knowledge of the actions of Defendants Webb and Presley by supervisors.

17. Plaintiffs have suffered damages as a result of the Defendants actions. Plaintiffs suffered humiliation and had criminal charges filed against them as a result of the defendants actions. Plaintiffs have had to incur expenses such as, but not limited to,

attorneys fees.

## SECOND CLAIM FOR RELIEF

## CIVIL RIGHTS ACT: 42 U.S.C. § 1983 ET SEQ.

18. Plaintiff adopts and realleges each and every allegation contained in paragraphs 1-17 above, as if stated herein word for word.

19. Despite knowledge limitations to their jurisdiction, the Defendant City and Defendants Snowden and Aragon did not establish, provide or promulgate proper policies or procedures to protect Plaintiffs from the deprivation of their rights as set forth in the preceding paragraphs, thus constituting a reckless disregard of Plaintiff's right to be free from such constitutional deprivation.

20. The Defendants' failure to promulgate proper policies dealing with jurisdictional issues; the tacit approval of the unauthorized deprivation of the Plaintiff's rights and Defendants' failure to provide proper training of officers in how to deal with persons outside their jurisdiction; and their failure to control or properly supervise the actions of Defendant Webb and Presley despite knowledge of their actions, constitute deliberate indifference to the constitutional rights of the Plaintiffs.

21. As a result of Defendants' reckless disregard, deliberate indifference, and intentional acts, Plaintiff incurred actual damages and mental anguish.

22. Plaintiff is entitled to compensatory, punative, and equitable relief, including attorneys' fees and costs pursuant to 42 U.S.C. § 1983, et seq.

## THIRD CLAIM FOR RELIEF

## VIOLATION OF ARKANSAS CIVIL RIGHTS ACT, A.C.A. § 16-23-101 ET SEQ.

23. Plaintiff adopts and realleges each and every allegation contained in paragraphs 1-22 above as if stated herein word for word.

24. The Constitution of the State of Arkansas guarantees the equality of all persons before the law (Art. 2, § 3); protects against deprivation of liberty without due process fo law (Art. 2, § 8); protects against cruel or unusual punishments (Art. 2, § 9); protects against punishment without trial (Art. 3, § 10); and protects against unreasonable searches and seizures (Art. 2, § 15).

25. The actions of Defendants described herein and conducted under color of law constituted harassment and intimidation directed against the person of the Plaintiffs. This harassment and intimidation is prohibited by the aforementioned provisions of the Arkansas Constitution, and for which Plaintiffs are entitled to damages, attorneys fees and costs of litigation under A.C.A § 16-123-106.

26. The actions of Defendants, as described in this complaint, constituted deliberate indifference proximately causing Plaintiffs' injuries and for which Plaintiffs are entitled to damages, attorneys fees and costs of litigation under A.C.A. § 16-123-106.

## FOURTH CLAIM FOR RELIEF

## ASSAULT

27. Plaintiff adopts and realleges each and every allegation contained in

paragraphs 1 - 26 as if stated herein word for word.

28. Defendants Webb and Presley committed the tort of assault upon Plaintiffs by attempting or threatening to inflict injury of Plaintiffs while possessing a present ability to do so, and intentionally displaying force so as to give Plaintiffs a reason to fear or expect immediate bodily harm. This assault caused grevious physical and psychological damage to Plaintiffs.

29. The deliberate indifference and negligence of Defendants Snowden, Aragon, and City of Conway caused the assault by failure to properly train, supervise and control the actions of Defendants Webb and Presley.

## SEVENTH CLAIM FOR RELIEF

### BATTERY

30. Plaintiff adopts and realleges each and every allegation contained in paragraphs 1 - 29 as if stated herein word for word.

31. Defendants Webb and Presley committed the tort of battery upon Plaintiffs by grabbing, holding, handcuffing, and holding weapons to the head of the Plaintiffs and by intentionally or recklessly using force upon the Plaintiffs. This battery caused grievous physical and psychological damage to Plaintiffs.

32. The deliberate indifference and negligence of Defendants Snowden, Aragon, and City of Conway caused the battery by failure to properly train, supervise and control the actions of Defendants Webb and Presley.

## SIXTH CLAIM FOR RELIEF

### FALSE ARREST AND FALSE IMPRISONMENT

33. Plaintiff adopts and realleges each and every allegation contained in paragraphs 1 - 32 as if stated herein word for word.

34. Defendants Webb and Presley detained Plaintiffs without sufficient legal authority and used expressed or implied threats to deprive Plaintiffs of their liberty and to go or remain where the Plaintiffs did not wish to go or to remain. This false imprisonment caused grievous physical and psychological damage to Plaintiffs.

35. The deliberate indifference and negligence of Defendants Snowden, Aragon, and City of Conway caused the false imprisonment by failure to properly train, supervise and control the actions of Defendants Webb and Presley.

## SEVENTH CLAIM FOR RELIEF

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS OR OUTRAGE

36. Plaintiff adopts and realleges each and every allegation contained in paragraphs 1- 35 above as if stated herein word for word.

37. The actions of Defendants Webb and Presley were intended to inflict emotional distress on Plaintiffs, or Defendants Webb and Presley willfully and wantonly knew or should have known that the emotional distress was the likely result of his conduct. The conduct of Defendants Webb and Presley was extreme and outrageous and beyond all possible bounds of decency, and was utterly intolerable in a civilized

8

community. The actions of Defendants Webb and Presley was the cause of Plaintiffs' distress. The emotional distress sustained by Plaintiffs was so severe that no reasonable person could be expected to endure it.

38. This outrage caused grievous psychological damage to the Plaintiffs.

39. The deliberate indifference and negligence of Defendants Snowden, Aragon, and Defendant City, constituted the tort of outrage by failure to properly train, supervise and control the conduct of Defendants Webb and Presley.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests the following relief:

(A) Judgment against Defendants Webb, Presley, Snowden and Aragon, and City of Conway jointly ands severally for compensatory damages in an amount to be determined by the trier of fact.

(B) Punative damages for the Defendants' willful, outrageous and malicious conduct in an amount to be determined by the trier of fact.

(C) Plaintiff costs and attorneys fees.

(D) Prospective relief from this Court ordering the Defendant City and Defendant Aragon to implement training in the proper methods of handling police matters involving jurisdictional issues.

(E) For all other just and proper relief.

**JURY TRIAL REQUESTED**: A jury trial is requested on all counts.


<p>

</p>


Respectfully submitted,

*[signature]*

M. Wade Hodge, # 90072
HARTSFIELD, ALMAND & GRISHAM
11101 Anderson Drive, Suite 203
Little Rock, AR 72212
(501)219-8500
Attorney for Plaintiffs